JOSEPH F. KASPER, Esq.
105-30 Cross Bay Boulevard
Ozone Park, New York 11417
Telephone (718) 848-8122
Facsimile (718) 738-5314
Attorney for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

JOSE ANTONIO LIRA CAMARA,
Individually and on behalf of others similarly
situated,

      Plaintiff,

- against –

NITIN & PARDEEP CORPORATION
(D/B/A KING OF INDIA), KIRAN KUMARI
(A.K.A. MOHAMMED), and SANTOSH
KUMARI,

      Defendants.
_____X

INDEX NO. 20 cv 5390

ANSWER

COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)

ECF Case

Defendants, , NITIN & PARDEEP CORPORATION (D/B/A KING OF INDIA), KIRAN KUMARI and SANTOSH and SANTOSH KUMARI, (Individual Defendants"), (collectively, "Defendants") by and through their attorney, **JOSEPH F. KASPER** as and for their answer allege as follows:

1.) Deny the allegations in paragraph 1 as to KIRAN KUMARI and SANTOSH KUMARI

2.) Deny the allegations in paragraph 2 as to SANTOSH KUMARI

3.) Deny the allegations in paragraph 5 to the extent Plaintiff ever worked as much as 40 hours a week and was paid inappropriately for the hours that were worked

4.) Deny the allegations in paragraph 6

5.) Deny the allegations in paragraph 7, including specifically that Plaintiff ever worked over 10 hours in a given day

6.) Deny the allegations in paragraphs 8, 9, 10, 11 including specifically as to there being any other employees

7.) Deny the allegations as to subject matter jurisdiction in paragraph 12

8.) Denies information sufficient to form a belief as to the allegations in paragraph 14

9.) Denies the allegations in paragraph 15, Plaintiff was not employed by Defendants nor did they even operate the restaurant in 2011

10.) Denies the allegations in paragraph 16, Plaintiff was not employed by Defendants nor did they even operate the restaurant in 2011

11.) Denies the allegations in paragraph 17, Plaintiff was not employed by Defendants nor did they even operate the restaurant in 2011

12.) Denies the allegations in paragraph 18, Plaintiff was not employed by Defendants nor did they even operate the restaurant in 2011

13.) Denies the allegations in paragraph 19, Plaintiff was not employed by Defendants nor did they even operate the restaurant in 2011

14.) Denies the allegations in paragraph 20, Plaintiff was not employed by Defendants nor did they even operate the restaurant in 2011

15.) Denies the allegations in paragraph 21, Plaintiff was not employed by Defendants nor did they even operate the restaurant in 2011, and deny the allegations in paragraph 22 as to Santosh Kumar

16.) Denies the allegations in paragraph 23, 24, 25, 26, 27, 28

17.) Denies the allegations in paragraph 29 to the extent no Defendant ever had annual sales volume of $500,000.00

18.) Denies the allegations in paragraph 32 as to "any other individuals"

19.) Denies the allegations in paragraph 33 including as to when Plaintiff LIRA was employed

20.) Deny the allegations in paragraphs 36, 37, 38, 39, 40 and 41 including specifically as to the hours worked by Plaintiff

21.) Deny the allegations in paragraph 43 and 44 including specifically that Plaintiff did not work for any Defendants in 2014 or 2015

22.) Denies the allegations in paragraph 46, 47, 48, 49 and 50 except to acknowledge Plaintiff signed acknowledgment of his payments

23.) Denies the allegations in paragraph 51, 52, 53, 54, 55, 56, 57, 58, 59, 60 except to acknowledge Plaintiff signed acknowledgment of his payments

24.) Denies the allegations in paragraph 61 except to acknowledge Plaintiff signed acknowledgment of his payments

## AS TO PLAINTIFF'S FIRST CAUSE OF ACTION

25.) Denies the allegations in paragraph 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75

26.) Specifically deny the allegations in paragraph 76, 77, 78.

## AS TO PLAINTIFF'S SECOND CAUSE OF ACTION

27.) Denies the allegations in paragraphs 79, 80, 81 and 82 specifically as to Plaintiffs ever having worked even as much as 40 hours a week for any Defendant

## AS TO PLAINTIFF'S THIRD CAUSE OF ACTION

28.) Deny the allegations in paragraphs 83, 84, 85, 86 and 87 in that Plaintiff was never paid less than the minimum wage

## AS TO PLAINTIFF'S FOURTH CAUSE OF ACTION

29.) Defendant's deny the allegation in paragraphs 88, 89, 90 and 91 specifically in that Defendant never failed to pay overtime because Defendant never worked in excess of forty hours a week

### AS TO PLAINTIFF'S FIFTH CAUSE OF ACTION

30.) Defendants deny the allegation in paragraph 92, 93, 94 and 95 as to violation of the "Spread of HOURS WAGE ORDER" of the N.Y. Commissioner of LABOR in general and specifically to the extent Plaintiff never worked as much as ten hours in a given day

### AS TO PLAINTIFF'S SIXTH CAUSE OF ACTION

31.) Defendants deny the allegations paragraph 96, 97 and 98 and its applicability as to Plaintiff

### AS TO PLAINTIFF'S SEVENTH CAUSE OF ACTION

32.) Defendants deny the allegations in paragraphs 99 and 100 as to the Violations of the Wage Statement Provision of the N.Y. Labor Commission.

### AS TO PLAINTIFF'S EIGTHTH CAUSE OF ACTION

33.) Defendants specifically deny the allegations in paragraphs 102, 103 and 104 as to "TOOLS OF THE TRADE" specifically to the extent Plaintiff never furnished so much as one penny for any equipment he used.

### AS AND FOR DEFENDANTS FIRST AFFIRMATIVE DEFENSE

34,) Plaintiff commenced working for Defendant Corporation by pleading to let him work for a few hours a week because he was starving and needed a job. Shortly after he started working for Defendants' small takeout restaurant on a temporary basis he threatened Defendants he would sue them for violations of the law, he would destroy their business and that he would report them to various government agencies. Defendant worked intermittently picking what hours he chose to work, what days he needed to show up, and what tasks he felt like doing. Plaintiff first showed up in 2016, and did not work at all for many months of 2017. Plaintiff dictated the terms of his employment, coerced and intimidated Defendants by constantly threatening to sue them and he would bring the wrath of the government down upon them. Any violation of any Labor Laws were a result of Plaintiff dictating the terms of his employment

### AS AND FOR DEFENDANTS SECOND AFFIRMATIVE DEFENSE

35.) Plaintiff on or about October 19, 2020 at 03:52 A.M. broke into Defendants restaurant, physically removed their cash register, and stole and converted or destroyed the cash register contents, including thousands of dollars of cash, business records and the business Health and FOOD SAFETY Certificate / Card issued by the N.Y.C. Health Department. Plaintiff was clearly seen doing this on cameras monitored by Defendants and was investigated and subsequently arrested for his actions by the New York City Police Department. Plaintiff's actions in bringing this suit are purely retaliatory and malevolent. Plaintiff regularly consumed alcohol while on the job and acted to intimidate Defendants.

### AS AND FOR DEFENDANTS THIRD AFFIRMATVE DEFENSE

36.) Defendants are a small family corporation with only three family owner/workers and do not do anywhere near $500,000.00 worth of gross revenue annually and do not fall within the jurisdiction of the Court and applicable law.

### AS AND FOR DEFENDANTS FIRST COUNTER CLAIM

37.) Defendants repeat and re-allege paragraphs 1-36 as if full set forth herein.

38.) Defendants were coerced and intimidated by Plaintiff and believe he regularly removed money from the cash register when no one was watching before they installed cameras. Plaintiff would also take food supplies home from the restaurant over Defendants objection.

39.) Plaintiff's actions on or about October 19, 2020 AT 03:52 A.M. approximately, when he broke into Defendants store, and removed the cash register along with its contents cost Defendant's thousands of dollars, including stolen cash from the register, and business records he destroyed. Said actions traumatized Defendants and kept them from purchasing supplies and caused intentional infliction of emotional harm and psychic injury to Defendants and their families and damaged them in amounts greater than all amounts claimed by Plaintiff in his case in chief

**WHEREFORE**, Defendants demand Judgment dismissing Plaintiff's complaint in its entirety and granting their counter claim together with costs, disbursement and attorney fees for the defense of the action and recreation of records stolen or destroyed by Plaintiff.

12/7/20

Yours etc.

Joseph F. Kasper
Attorney for Defendants